## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Edwin Charon,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| **vs.** | ) |
| | ) |
| **Home Depot Management Co., LLC,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Edwin Charon (hereinafter sometimes "Plaintiff"), by and through his undersigned counsel, and brings this lawsuit against Defendant Home Depot Management Company, LLC (hereinafter sometimes "Defendant" or "HD"), and shows the following:

## Jurisdiction and Venue

1.

This is an action under the Age Discrimination in Employment Act (ADEA) 29 U .S .C. § 621 *et. seq*., the Older Workers Benefit Protection Act (OWBPA), amending the ADEA, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and state claims. The jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 2617(a)(2).

1

The unlawful practices described herein occurred in this judicial district.  Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1332, and/ or 1367. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.

Plaintiff has met all the administrative prerequisites including filing a timely first and amended first charge to include a class complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), as to his and all others 40 years and older discriminatory separations from HD (though the EEOC mistakenly ruled the charge and amended charges untimely) and is filing this complaint timely.  Plaintiff contends that equitable tolling, misleading actions by HD make the first and amended charges timely.

On May 5, 2024, Mr. Charon timely filed a second charge of retaliation, based on race, age, and national origin against HD with the EEOC. The charge will be investigated by the EEOC.  Plaintiff's charge alleges that he was retaliated against for filing the first and amended EEOC charges and for refusing to agree to withdraw those charges and reducing the settlement amount.

Upon receiving the right to sue letter from the EEOC on the retaliation

charge Mr. Charon intends to amend this complaint to include his additional causes of action under various statutes.

## The Parties

3.

At all times material hereto, Plaintiff was an "employee" of Defendant as defined in the above laws and entitled to bring actions of this kind and nature. Plaintiff is a citizen and resident of the State of Georgia and resides in this judicial district.

4.

Defendant HD is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. At all relevant times, said Defendant has done business within the judicial district of the Court.  Process may be served upon said Defendant at Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree Corners, GA 30092.

## Facts

5.

Edwin Charon is an African-American/Hispanic male who is 62 years old. Defendant HD employed Plaintiff as a regional recruiter.

6.

Throughout his thirteen years of employment at HD Plaintiff did a

good job and received regular commendations for his work, cost of living increases, and stock options.

7.

In June 2023 HD announced a reduction in force. On Wednesday June 14, 2023, Plaintiff was told by HR personnel over the phone he had been selected for separation and his last day of work would be Friday June 16, 2023.

Mr. Charon asked why he was being separated when he had the most seniority and was one of the most qualified recruiters.  HR personnel refused to give him any reason.

8.

On July 20, 2023, Plaintiff received a Separation Agreement & Release from HD offering a payment in exchange for a release.  Paragraph 8 of the agreement and release was entitled:

8. Non-Interference and Right to Participate in Agency Proceedings.

Paragraph 8's contents stated that even if the employee agreed and signed the agreement and release, it specifically allowed the Employee the right to file a charge with the U.S. EEOC and that Defendant HD would not interfere with the Employee's right to do so to report possible violations of law.

9.

On July 14, 2023, Mr. Charon received the OWBPA materials from HD. In the ensuing time he analyzed the OWBPA materials and declined to accept HD's agreement and release.

With the assistance of a statistician using the Fisher's exact test, it was determined that Plaintiff's separation had statistical proof that his termination due to age was not by chance.

Further there is evidence that in addition to age Plaintiff had been discriminated against on the basis of race and ethnicity as well as a combination of these three (3) protected characteristics. Similarly situated employees who were of a different race, and of a different ethnicity than Plaintiff were not laid off and thus were given more favorable treatment than Plaintiff.

These other bases of discrimination were repeatedly communicated to HD and outside counsel over many months, through and including April 8, 2024. HD on multiple occasions was advised of Plaintiff's claims of also being discriminated against in addition to age, race and/or ethnicity or a combination of these protected characteristics under various anti-discrimination laws.

10.

HD was presented with evidence, by email, under the Fisher's exact test that showed statistical proof that the termination of Plaintiff due to age was not by chance.  However, a representative of HD falsely declared that the OWBPA materials did not meet the Fisher's exact test, in order to mislead and delay Plaintiff.

Despite repeatedly asking HD for consent on a tolling agreement,  HD continually declined to agree to such, and to deny that Plaintiff had proven the Fisher's exact test, and that Mr. Charon's termination due to age was not by chance.   After being misled and delayed by HD personnel, in an abundance of caution Plaintiff filed an EEOC charge of discrimination on December 12, 2023, of age discrimination in his termination from HD in violation of the ADEA and the OWBPA.

11.

On December 13, 2023, the parties reached an agreement on all material terms to settle Plaintiff's claims by payment to Mr. Charon of $66,738.88.

12.

Later in the day on December 13, 2023, in response HD provided a written settlement agreement that eliminated Par. 8 and included a clause

requiring Mr. Charon to withdraw his EEOC charge of discrimination.

HD illegally retaliated against Plaintiff for having filed the charge by refusing to settle unless Plaintiff withdrew the charge. This was illegal retaliation by HD, in violation of the ADEA, Title VII of the Civil Rights Act, and 42 USC 1981 for having filed an ADEA discrimination charge with the EEOC, and for informing HD that he was also being discriminated because of his race and ethnicity.

As discussed above in par. 8 of this lawsuit, HD's original severance agreement stated that it would <u>not</u> interfere with an employee's right to file with the EEOC. Plaintiff had filed a charge of age discrimination which was his right and to have it investigated.

Plaintiff declined to withdraw the charge as part of this agreement as it was clearly retaliatory and illegally prohibited him from having the EEOC investigate what he considered illegal employment practices of HD.

Withdrawal of an EEOC charge by a charging party requires the approval of the complainant and the Commission. Due to the EEOC's workload the withdrawal of a charge by a charging party is tantamount to the complete withdrawal and dismissal by the Commission and Plaintiff wanted HD's employment practices reviewed. Mr. Charon was aware that the review would not happen if he agreed to withdraw his charge.

13.

Mr. Charon declined to agree to withdraw his pending charge due to the illegal retaliation, and HD breached its contractual obligation by then refusing to go through with the settlement unless the pending charge was withdrawn.

Plaintiff wanted the pending charge to be investigated as was his right under decisions in this circuit including Goldsmith v. Bagby Elevator Co., and this was retaliation by HD in requiring Mr. Charon to withdraw his charge in order to settle.

14.

This was the first instance of unlawful retaliation against Plaintiff for having filed the initial EEOC charge of discrimination against HD due to age.

15.

Defendant also breached its agreement by refusing to consummate the settlement by requiring an illegal and retaliatory provision.  This was the second unlawful instance of retaliation against Mr. Charon for having filed the EEOC charge of discrimination against HD due to his age.

16.

A third instance of unlawful retaliation occurred when in subsequent

efforts by counsel to get HD to cure its breach and settle the matter HD further illegally retaliated against Plaintiff by reducing its settlement offer to Plaintiff on March 25, 2024, by 40%.

This action was further illegal retaliation against Mr. Charon for his refusing to withdraw his initial EEOC charge of discrimination in settlement.

17.

Upon receiving a right to sue letter from the EEOC on the EEOC charge filed on May 5, 2024, regarding the multiple instances of illegal retaliation by HD for having filed the initial charge of discrimination and class charge under the ADEA, Mr. Charon intends to amend this complaint to include additional causes of action against HD.

18.

HD has a history of employment discrimination against women (paid a settlement of $87.5 million to a class of females), minorities, and even white males (when refusing to hire "khaki's")   It also consistently violates overtime laws by misclassifying employees.

HD has a history of not following federal laws prohibiting discrimination, FLSA, and toxic substances. HD in a consent decree in 2021 paid a $20.75 million penalty, the highest civil penalty obtained to date for a settlement under the Toxic Substances Control Act for failing to follow EPA

lead requirements and laws in remodeling projects.

This flaunting of the law by HD has subjected young children to deadly levels of lead exposure.  In Savannah GA, health records reveal one in six children living in the historic district are living with high lead levels.

HD has worked in this area for years in various home improvements that produce dangerous lead dust.  Yet HD intentionally failed to protect such inner city children by violating EPA rules and laws.

In conclusion one wonders if HD believes it is above the law.

## Count 1: Termination of Employment

**42 U.S.C. § 1981
(Race/Ethnicity Discrimination- Disparate Treatment)**

19.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 of this Complaint.

20.

The Defendant, through its employees, resulted in the racially and ethnically discriminatory termination of Plaintiff's employment. Defendant has violated 42 U.S.C. § 1981.

21.

As a direct and proximate result of Defendant's violation of 42 U.S.C.

§ 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## **Count 2: Retaliation**

### **42 U.S.C. § 1981**
### **(Retaliation for complaining of Race/Ethnicity Discrimination )**

22.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 of this Complaint.

23.

After complaining of discriminatory termination in the layoff, Plaintiff was retaliated against when he declined to withdraw his charge of discrimination as a requirement to settling the matter.

This is retaliation against Plaintiff under 42 U.S.C §  1981 after raising issues of race and ethnicity discrimination.  Defendant has violated 42 U.S.C. § 1981.

24.

As a direct and proximate result of Defendant' violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## COUNT 3

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACTS 29 U.S.C. § 621, *ET SEQ*.

## DISCRIMINATION

### 25.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 of this Complaint.

### 26.

The Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* by discriminating against Plaintiff and a class of similarly situated employees because of age.

### 27.

The effect of the policies and practices complained of herein has been to deprive the Plaintiff and a class of similarly situated employees of equal employment opportunity and to deprive them of income in the form of wages, prospective retirement benefits, and other benefits of employment due  them  as employees on the basis of their age.

## COUNT 4

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACTS 29 U.S.C. § 621, *ET SEQ*.

## **RETALIATON**

### 28.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 of this Complaint.

### 29.

The Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* by retaliating against Plaintiff because of filing an EEOC age discrimination complaint.

### 30.

The effect of the policies and practices complained of herein has been to deprive the Plaintiff of equal employment opportunity and to deprive him of income in the form of wages, prospective retirement benefits, and other benefits of employment due  him  as an employee on the basis of his age.

## **COUNT 5**

## **BREACH OF CONTRACT UNDER GEORGIA LAW**

### 31.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 and specifically 11-13 of this Complaint.

32.

Defendant agreed to settle claims by Plaintiff regarding his separation of employment from HD.  Despite this agreement Defendant breached the agreement and refused to consummate the settlement unless Plaintiff withdrew his EEOC charge of age discrimination, a right he had under federal law.

33.

Plaintiff was ready willing and able to consummate the settlement agreement which would have paid $66,738.88 in settlement of his claims. Plaintiff performed all conditions precedent to Plaintiff's entitlement to payment under the parties' agreement.

34.

Defendant has breached their agreement with Plaintiff and has failed to pay Plaintiff in full under the agreement reached.

35.

Defendant is liable to Plaintiff for damages in the amount of $66.738.88 plus interest and reasonable attorney's fees.

## COUNT 6

## VIOLATION OF THE OWBPA

36.

Plaintiff re-alleges and incorporates herein preceding paragraphs 1-18 of this Complaint.

Plaintiff through information and belief has determined that HD did not utilize the eleven listed factors in their notice to employees under the OWBPA in a non-discriminatory matrix or similar method, if such was actually created, as Plaintiff should have been at or near the top on every factor except one.

HD violated the OWBPA by providing misleading and per se age discrimination factors for the factors being considered for employees being separated.

As stated on the OWBPA notice provided by HD:

"In addition, one or more of the following factors were used to determine which associates would be included in the workforce reduction." It then listed 11 factors.  The tenth and eleventh factors were: (x)experience; *and/or* (xi) leadership capabilities/potential.

First using the *"and/or"* could allow for complete arbitrariness and discrimination.

For example, someone like Plaintiff who is 62 has decades of experience in his field.  Certainly, on any matrix (if actually created) his

rating under experience should be near the top. However, with the "or" for those over 40, HD can simply avoid the experience factor and go to (xi) leadership capabilities/potential n order to discriminate against employees in violation of the ADEA amended by the OWBPA.

XI is such a nebulous factor, and how is it rated, especially for someone in their 60's whom HD is most certainly not going to place in a leadership position, nor rate with high leadership capabilities.  In fact, for someone like Plaintiff HD can just simply ignore ALL 1-10 factors and just give older employees a zero for XI-leadership capabilities/potential and be subjected to termination.

As such, the Court should void all severance agreements in the layoff as they were predicated on misleading, inappropriate, subjective, and discriminatory factors.  This would allow a class to be certified for all the hundreds of employees 40 and older who were illegally affected by the discriminatory layoffs.  Of course, a class complaint would then have to be filed.

## COUNT 7
### *Georgia Law*
**(Nominal Damages)**

37.

Plaintiff re-alleges and incorporates herein paragraphs 1-18 of this

Complaint.

38.

As a result of the above-described conduct, Plaintiff is entitled at a minimum and in the alternative to an award of actual damages, to nominal damages.

39.

As a result of the above-described conduct, Plaintiff is entitled to an award of nominal damages pursuant to O.C.G.A. § 51-12-6.

**COUNT 8**
***Georgia Law and Federal Law***
**(Litigation Expenses/Stubbornly Litigious)**

40.

Plaintiff re-alleges and incorporates herein paragraphs 1-18 of this Complaint.

41.

By engaging in the above-described conduct, set forth above, Defendant acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

42.

As a result of such conduct by Defendant, Plaintiff is entitled to his litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11 and federal law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

**a.**     That Plaintiff receive a trial by jury of all claims in this Class Action Complaint so triable.

**b.**     That Plaintiff be reinstated to his previous position.   If not feasible then Plaintiff shall recover from Defendant back pay, benefits, front pay, and interest due and payable, in a liquidated amount under law.

**c.**     Compensatory damages including, but not limited to, pecuniary losses, emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and any other non-pecuniary losses or intangible injuries to which Plaintiff is entitled, as a result of Defendant's discriminatory, retaliatory, and tortious acts under law.

**d.**     That Plaintiff recover from Defendant punitive damages under the law in an amount sufficient to punish Defendant for its actions and to deter it from discriminating against its employees in the future under law.

**e.**     That Plaintiff be granted declaratory relief.

**f.**     That Plaintiff be granted injunctive relief to prevent Defendant

18

from engaging in such discriminatory conduct in the future.

**g.** That Plaintiff recover:

All reasonable attorney's fees and costs of the action through entry of a final non-appealable judgment, pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981a, and Georgia law, including all reasonable attorney's fees and costs and expenses of litigation for:

(1)   the time spent plus costs reasonably incurred throughout this action relating to the claims of Plaintiff under 42 U.S.C. § 1981 and Georgia law;

(2)   the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claims of Plaintiff under 42 U.S.C. § 1981 and Georgia law, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)   the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, and

(4)   the time spent explaining to Plaintiff any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, O.C.G.A. § 9-11-68 or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

**h.**   That Plaintiff be awarded pre and post judgment interest.

**i.**   That this Court rule that Plaintiff's first and amended class EEOC charges of discrimination are timely due to equitable tolling and the misleading by HD, that all OWBPA waivers executed by those 40 and older be declared void due to HD's failure to comply with the OWBPA and follow its written procedures for selections for separation under the OWBPA and allow a class complaint to be pursued.

**j.**   That Plaintiff have such other and further relief as this Court deems just and proper and such other legal and equitable relief to which Plaintiff is entitled as a matter of law and equity.

k. That this Court declare the releases executed by those 40 and older in the June layoff, who were separated, invalid under the requirements of the OWBPA.

Respectfully submitted this 6th day of May 2024.

_s/Jack Rosenberg_____
Jack Rosenberg
Georgia Bar No. 614475

Suite 53
5425 Glenridge Drive
Atlanta, GA  30342
Telephone: (404) 343-1091
Facsimile: (404) 343-1497
jackrosenberg2@gmail.com

***Counsel for Plaintiff***